# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| F. FREDERIC FOUAD, | : | |
| Plaintiff, | : | No. 1:19-cv-00253-JEJ |
| v. | : | |
| THE MILTON HERSHEY SCHOOL AND | : | |
| SCHOOL TRUST, ELLIOTT | : | |
| GREENLEAF, P.C., PETER GURT, | : | (JONES III, J.) |
| RALPH CARFAGNO, ROBERT HEIST, | : | |
| VELMA REDMOND, DAVID | : | |
| SALTZMAN, JAMES C. KATZMAN, | : | |
| JAMES W. BROWN, M. DIANE KOKEN, | : | |
| JAMES M. MEAD, MELISSA L. | : | |
| PEEPLES-FULLMORE, JAN LOEFFLER- | : | |
| BERGEN, ANDREW S. CLINE, AND | : | |
| JARAD W. HANDELMAN, | : | |
| Defendants. | : | |

**DEFENDANTS ROBERT HEIST, VELMA REDMOND,
DAVID SALTZMAN, JAMES C. KATZMAN,
JAMES W. BROWN, M. DIANE KOKEN, JAMES M. MEAD,
MELISSA L. PEEPLES-FULLMORE, AND JAN LOEFFLER BERGEN'S
BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE**

# TABLE OF CONTENTS

I.     INTRODUCTION. ........................................................................1

II.    QUESTION INVOLVED. ...........................................................2

III.   THE COMPLAINT CONTAINS NUMEROUS IRRELEVANT, SCANDALOUS, AND IMMATERIAL ALLEGATIONS AND EXHIBITS. ..........................................................................2

IV.   THE COURT SHOULD STRIKE THE ALLEGATIONS AND EXHIBITS UNDER FEDERAL RULES 12(f) AND 8...............................4

     A.    The Court should strike various allegations and exhibits as immaterial, scandalous, and impertinent...............................4

     B.    The Complaint is not a short and plain statement of Plaintiff's claims..............................................................7

V.    CONCLUSION.............................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Binsack v. Lackwanna Cnty.*,
 438 F. App'x 158 (3d Cir. 2011) ....................................................................7, 8

*Carone v. Whalen*,
 121 F.R.D. 231 (M.D. Pa. 1988) ...........................................................................5

*Crimone v. McCabe Weisberg & Conway, P.C.*,
 737 F. App'x 107 (3d Cir. 2018) ...........................................................................5

*In re Milton Hershey School*,
 No. 712...................................................................................................................8

*Sinclair Cattle Co. v. Ward*,
 No. 1:14-CV-1144, 2015 WL 6125260 (M.D. Pa. Oct. 15, 2015)........................5

*Wagner v. Holtzapple*,
 101 F. Supp. 3d 462 (M.D. Pa. 2015).....................................................................5

*Yori v. Domitrovich*,
 654 F. App'x 52 (3d Cir. 2016) .............................................................................7

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................1, 2, 4, 7

Fed. R. Civ. P. 12(f)..................................................................................1, 2, 4, 7

## I.   INTRODUCTION.

Defendants Robert Heist, Velma Redmond, David Saltzman, James C. Katzman, James W. Brown, M. Diane Koken, James M. Mead, Melissa L. Peeples-Fullmore, and Jan Loeffler Bergen, all of whom are or were members of the Board of Managers of the Milton Hershey School and the Board of Directors of the Hershey Trust Company (collectively, the "Board Defendants"), submit this memorandum in support of their Motion to Strike certain portions of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(f) and 8 as imprecise, immaterial, impertinent, and scandalous (Doc. No. 103).[1]

Relatively few of the paragraphs in Plaintiff's 496-paragraph Complaint have anything to do with the claims he is attempting to assert.  The only claims asserted against the Board Defendants and related parties the Milton Hershey School, Peter Gurt, Andrew Cline, and Ralph Carfagno (the "MHS Defendants") are for: prima facie tort (Count One), a claim not recognized under Pennsylvania law; abuse of subpoena and abuse of process (Count Two); breach of the covenant of good faith and fair dealing (Count Three); "outrageous conduct" causing emotional distress (Count Four); and civil conspiracy (Count Five).  The Complaint however, contains numerous and irrelevant personal attacks against the

---

[1] Attached as Exhibit 1 is a copy of the Complaint, with a line drawn through those portions that the Board Defendants request to be stricken.

Board Defendants and the MHS Defendants and their governance of the Milton Hershey School.  These allegations are immaterial to Plaintiff's claims and appear to be just another chapter in Plaintiff's long-running campaign to "reform" the Milton Hershey School through twenty years of serial litigation.

Accordingly, the Court should strike the allegations and exhibits identified in Exhibit 1 from the Complaint under Rule 12(f), as irrelevant, immaterial, and scandalous.    Alternatively,  the  Court  should  strike  those  allegations  for noncompliance  with  Rule  8,  which  requires  pleadings  to  contain  concise statements of the claims asserted and requires allegations to be simple, concise, and direct.

## II.    QUESTIONS INVOLVED.

1.    Should the scandalous, impertinent, immaterial, and redundant portions of Plaintiff's 100-page, 496-paragraph Complaint be stricken under Fed. R. Civ. P. 12(f) and for failure to comply with the requirement of Fed. R. Civ. P.  8  for a "short and plain statement" of the claims?

### *SUGGESTED ANSWER: YES*

## III.    THE   COMPLAINT   CONTAINS   NUMEROUS   IRRELEVANT, SCANDALOUS, AND IMMATERIAL ALLEGATIONS AND EXHIBITS.

The Complaint contains a meandering 496 paragraphs, virtually none of which have anything to do with the claims asserted.  This is clear as early as the first paragraph of the Complaint, which alleges the Milton Hershey School is a

"scandal-ridden $14 billion child welfare charity" commandeered into a "vehicle of profiteering" by the various Defendants.  (Compl. ¶ 1.)  The Complaint goes on to allege numerous irrelevant and completely false personal attacks against Defendants.  (*See, e.g.*, Compl. ¶¶ 11, 70, 113, 155, 191, 202-03, 350-53.) Moreover, several paragraphs in the Complaint speculate about the amounts that Defendant Elliott Greenleaf, P.C. billed the Milton Hershey School for legal services.  (Compl. ¶¶ 181-182, 270-273.)  Just like the irrelevant and false personal attacks, this speculation has zero connection to Plaintiff's claims against the Board Defendants and the MHS Defendants.

Further, while Plaintiff sees himself as a crusader on behalf of Milton Hershey School students, he attacks them and their family members throughout the Complaint.  Plaintiff disparages one former student whose deposition testimony was damaging to Plaintiff for "bounc[ing] from school-to-school" and "fail[ing] to get beyond the ninth grade."  (Compl. ¶ 285.)  Plaintiff then labels the student "deeply troubled" in part because his mother "served a prison term."  (Compl. ¶¶ 58, 285, 288.)

These rambling allegations, coupled with certain exhibits to the Complaint, are unrelated to Plaintiff's claims.  Plaintiff also ignores that the vast majority of the Board Defendants and MHS Defendants he has chosen to name were appointed to or obtained their positions only recently, some as late as 2017, and all of them

after 1999.  (*See* Compl. ¶¶ 41-50, 207.)   Thus, said Defendants could not have participated in any alleged campaign against Plaintiff that supposedly began in 1999.

Taken as a whole, the allegations and exhibits reveal what this action really is: an expression of Plaintiff's personal vendetta against the Milton Hershey School and those charged with running it, which has spurred twenty years of litigation by Plaintiff against the School.   Indeed, the gravamen of the Complaint is that Plaintiff's perceived "reform efforts" have been rebuffed.  (*See, e.g.*, Compl. ¶¶ 87, 102, 135, 145, 151, 152, 162, 163, 164, 165, 166, 169, 173, 176, 177, 179.)   As explained below, the Court should strike these allegations and exhibits.

## IV.   THE COURT SHOULD STRIKE THE ALLEGATIONS AND EXHIBITS UNDER FEDERAL RULES 12(f) AND 8.

The Court should strike the identified allegations and exhibits as set forth in Exhibit 1 for two reasons.   First, the Complaint is replete with "immaterial, scandalous, and impertinent" allegations wholly unrelated to Plaintiff's claims, and should be stricken under Rule 12(f).   Second, the Complaint is the antithesis of Rule 8's mandate for pleadings to be "simple, concise, and direct."

### A.   The Court should strike various allegations and exhibits as immaterial, scandalous, and impertinent.

A court may strike from a pleading any matter that is "immaterial, scandalous, or impertinent" under Federal Rule 12(f).   Matter is "immaterial" if it

-4-

has "no essential or important relationship to the claim for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015). "Impertinent" matter is that which does not pertain, and is unnecessary, to the issues in the complaint. *Id.*; *see Crimone v. McCabe Weisberg & Conway, P.C.*, 737 F. App'x 107, 111 (3d Cir. 2018) (affirming court's decision to strike "various matters of religion and corruption by state and federal courts" finding them "at best 'immaterial' to the plaintiff's claims). Matter is "scandalous" if it "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Wagner*, 101 F. Supp. 3d at 488. Courts have "considerable discretion" to grant a Rule 12(f) motion to strike. *Sinclair Cattle Co. v. Ward*, No. 1:14-CV-1144, 2015 WL 6125260, at *1 (M.D. Pa. Oct. 15, 2015).

In *Wagner*, this Court applied these principles to strike various allegations from the plaintiff's complaint as scandalous, immaterial, and impertinent, both at the defendant's request and on its own accord. *Id.* at 488-90. The allegations stricken included: (1) complaints that the defendant's counsel referred to the action as a "stupid threatened case"; (2) irrelevant, argumentative statements about warrantless searches of dormitories; and (3) references to "criminal wrongdoing" by the defendant. *Id.* at 488-89; *see also Carone v. Whalen*, 121 F.R.D. 231 (M.D. Pa. 1988) (striking complaint in its entirety based on its "overall malicious tenor,"

the plaintiff's "vengeful and vindictive temperament," "disrespect and nefarious conduct," and personal attacks on the prosecuting attorney).

As explained above, the Complaint is a messy, long-winded diatribe complaining about decades-old conduct, containing little if any relevance to the Board Defendants, the MHS Defendants, or the claims asserted.   All of the identified allegations and exhibits may be stricken as immaterial, impertinent, and scandalous, as the bulk of the Complaint has no conceivable connection to Plaintiff's attempt to assert claims for prima facie tort, abuse of subpoena and abuse of process, breach of the covenant of good faith and fair dealing, "outrageous conduct" causing emotional distress, and civil conspiracy.  This is especially true given the fact that the majority, if not all, of the Board Defendants and the MHS Defendants did not hold their current positions, or any positions at all, when much of the alleged conduct is purported to have occurred.  In fact, as Plaintiff has admitted, most of the Board Defendants were appointed to their positions beginning in 2014. (*See* Compl. ¶¶ 41-50.)

Further, the contents of the Complaint are prejudicial to the Board Defendants and the MHS Defendants in multiple ways.   For example, the completely irrelevant and false personal attacks have self-explanatory consequences for the Defendants whose names are associated with them.  It also

highlights the malicious nature of the Complaint, as these allegations have no conceivable connection to Plaintiff's claims.

### B.   The Complaint is not a short and plain statement of Plaintiff's claims.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   And Rule 8(d)(1) requires allegations to be simple, concise and direct.   "'Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Binsack v. Lackwanna Cnty.*, 438 F. App'x 158, 160 (3d Cir. 2011) (quotation marks and citation omitted).   A complaint which violates Rule 8 may be dismissed.   *Yori v. Domitrovich*, 654 F. App'x 52, 54 (3d Cir. 2016) (dismissing complaint containing "broad and vague claims"); *see also Binsack*, 438 F. App'x at 160 (dismissing "excessively voluminous and unfocused" complaint under Rule 8).

In addition to striking portions of the Complaint under Rule 12(f), the Court may also strike those portions because of the Complaint's noncompliance with Rule 8.   Plaintiff's Complaint could not stray further from the federal pleading requirements.   It asserts irrelevant personal attacks against parties and non-parties alike, much of which describe decades-old conduct by individuals who are not named as parties to the Complaint.   The bulk of the allegations have nothing to do with the claims Plaintiff asserts.   This is precisely the sort of "voluminous and

unfocused" pleading that should be dismissed under Rule 8. *See Binsack*, 438 F.

App'x at 160.

Indeed, Plaintiff previously has been criticized for similar problems with his

legal filings. For instance, in a case where Plaintiff acted as counsel to the Milton

Hershey School Alumni Association ("MHSAA"), the Orphans' Court of Common

Pleas of Dauphin County stated in 2003:

> The Petition filed by the [MHSAA] has 68 pages and
> contains 253 paragraphs. It is less a pleading than a
> diatribe deploring the manner in which the former
> Trustees/Managers, exercising their discretion, have
> handled Trust real estate and School management. It
> impugns the integrity of the Attorney General and
> insultingly disparages the new Board.

*In re Milton Hershey School*, No. 712, Year of 1963, at 10 (Dauphin Cnty. Ct.

Com. Pl., Orph. Ct. Div., Nov. 19, 2003) (attached hereto as Exhibit 2). Plaintiff

should not be permitted to repeat his behavior in this lawsuit.

## V. CONCLUSION.

For the reasons set forth above and as detailed in Exhibit 1, the Court should

strike the portions of the Complaint that are scandalous, irrelevant, and immaterial

to Plaintiff's claims and flout the requirement that a Complaint contain a short and

plain statement of the claims.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

<u>s/ Alexander R. Bilus</u>
James A. Keller, Esq.
Alexander R. Bilus, Esq.
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-4000
James.Keller@saul.com
Alexander.Bilus@saul.com

Andrew S. Gordon, Esq.
Penn National Insurance Plaza
2 North Second Street, 7th Floor
Harrisburg, PA 17101-1619
(717) 257-7579
Andrew.Gordon@saul.com

Colleen Fox, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
(609) 452-3145
colleen.fox@saul.com

*Attorneys for Defendants Robert Heist, Velma Redmond, David Saltzman, James C. Katzman, James W. Brown, M. Diane Koken, James M. Mead, Melissa L. Peeples-Fullmore, and Jan Loeffler Bergen*

Date: April 5, 2019

-9-

# <u>CERTIFICATE OF WORD COUNT</u>

I certify that the word count of the foregoing brief as determined by Microsoft Word is 1,752.

<u>/s/ *Alexander R. Bilus*</u>
ALEXANDER R. BILUS

Dated: April 5, 2019

## **CERTIFICATE OF SERVICE**

I, Alexander R. Bilus, Esquire, hereby certify that I caused the foregoing to be filed electronically filed with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon Plaintiff and all counsel of record.


*/s/ Alexander R. Bilus*
ALEXANDER R. BILUS

Dated: April 5, 2019