## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| F. FREDERIC FOUAD, | : | |
| | : | 1:19-cv-253 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| THE MILTON HERSHEY SCHOOL | : | |
| AND SCHOOL TRUST, *et. al.* | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### November 7, 2019

Presently pending before the Court are Motions for Reconsideration of the Court's Order Granting Plaintiff's Motion for Alternative Service filed by Defendant Milton Hershey School and School Trust and by Defendant Elliot Greenleaf, P.C. (Docs. 193; 194).

## I.     BACKGROUND

On October 7, 2019, we granted Plaintiff's Motion for Alternative Service on Navada Hatfield. (Doc. 191). We did so after Plaintiff had filed his Motion, (Doc. 187), and Brief in Support. (Doc. 189).[1] On October 14, 2019, Defendant Milton Hershey School and School Trust and Defendant Elliot Greenleaf, P.C.

---

[1]      The Local Rules do not preclude us from so doing: "Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition." M.D. Pa. LR 7.6.

each filed a Motion for Reconsideration on that Order. (Docs. 193; 194). Both

defendants filed Briefs in Support on October 16, 2019. (Docs. 196; 197). Plaintiff

filed a consolidated Brief in Opposition on October 20, 2019. (Doc. 200). Both

Defendants field Replies on October 24, 2019. (Docs. 202; 204). The matter is

therefore ripe for review. Because both Motions raise similar arguments, we will

address them together. For the reasons that follow, we shall deny both motions.

## I.    STANDARD OF REVIEW

The purpose of a Rule 59(e) motion is "to correct manifest errors of law or

fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp v. Zlotnicki*, 779 F.2d 906,

909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment

may be altered or amended if the party seeking reconsideration shows at least one

of the following grounds: (1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court ruled on the

previous motion; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice." Id. (Citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52

F.3d 1194, 1218 (3d Cir. 1995)).

"Reconsideration of judgment is an extraordinary remedy; therefore, such

motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F.

Supp. 2d 502, 504 (M.D. Pa. 1999). A motion for reconsideration is appropriate in

instances when the court "has made an error not of reasoning, but of apprehension," and a court "must not grant reconsideration when the motion is simply a re-styling or rehashing of issues previously presented." *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001) (internal citations omitted). "Mere disagreement with the court is a ground for appeal, not a motion for reconsideration." Id. (quoting *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). Further, motions for reconsideration cannot be used by a party to re-litigate or rehash legal principles and arguments already presented to and rejected by the court, nor may they present additional arguments which could or should have been raised before judgment was entered. See *Bhatnagar v. Surrenda Overseas Ltd.*, 52 F.3d 1220 (3d Cir. 1995) (for the proposition that motions for reconsideration cannot be used to gain a "second bite" at the apple).

## II.   DISCUSSION

Defendants assert two main arguments in opposition to our grant of alternative service as to Mr. Navada Hatfield. First, Defendants maintain that Plaintiff did not make a good faith effort to locate and serve Mr. Hatfield. Second, Defendants argue that Plaintiff's proposed methods of service are not reasonably calculated to provide Mr. Hatfield with notice of the proceedings. We need not address either of these arguments, however. Defendants have cited no authority

3

giving them the right to object to service on Mr. Hatfield, a private individual with no apparent connection to either Defendant. We fail to see any procedural mechanism by which a defendant has the standing to object to the method of service utilized on another, completely independent, co-defendant. ("One of these prudential limits on standing is that a litigant must normally assert his own legal interests rather than those of third parties." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804, 105 S. Ct. 2965, 2970, 86 L. Ed. 2d 628 (1985)). Indeed, Defendant's attacks are, essentially, an assertion of lack of personal jurisdiction over Mr. Hatfield, which is an individual, waivable protection. FED. R. CIV. P. 12(H)(1). In our view, Defendants have no standing or authority to assert these rights on behalf of an unconnected third party.

Indeed, we note the plethora of persuasive authority to the contrary. The Eastern District of Pennsylvania has held that, even should a meritorious argument as to the impropriety of service on a defendant exist, an independent co-defendant has no standing to assert an objection: "[w]hile it is true that service left at a defendant's place of employment or business is ineffective under the Federal Rules of Civil Procedure. . . I need not reach this issue for it appears that Porvene–McKee has no standing to object to the service on [his co-defendant] Edward Lang." *Whelan v. Clyde Indus. Ltd.*, No. CIV.A. 87-7349, 1988 WL 30983, at *1 (E.D. Pa. Mar. 29, 1988). *See DeFazio v. Wright,* 229 F.Supp. 111, 113

4

(D.N.J.1964) (properly served party cannot move to dismiss action against

codefendants who were improperly served)."

The Southern District of New York agrees:

> My principal reason for rejecting [defendants'] position is
> that they are essentially asking the Court to dismiss the
> action against the trustee [for lack of personal
> jurisdiction]. But, as the Supreme Court stated
> in *Insurance Corp. of Ireland, Ltd. v. Compagnie des
> Bauxites de Guinee,* 456 U.S. 694 (1982), personal
> jurisdiction "represents a restriction on judicial power not
> as a matter of sovereignty, but as a matter of individual
> liberty." *Id.* at 702. Indeed, personal jurisdiction can be
> waived. F.R.Civ.P. 12(h)(1). In light of the fact that "the
> requirement of personal jurisdiction represents first of all
> an individual right," *Insurance Corp. of Ireland,* 456 U.S.
> at 703, and is waivable, and in absence of any authority
> suggesting otherwise, I conclude that a third party lacks
> standing to make such a motion. . .I therefore reject
> respondents' jurisdictional argument.

*Duttle v. Bandler & Kass*, No. 82 CIV. 5084 (KMW), 1992 WL 162636, at *5

(S.D.N.Y. June 23, 1992).

We find this authority highly persuasive. Noting the standard of review for a

motion for reconsideration, we find that we did not commit any "manifest errors of

law or fact" that would merit reconsideration of our initial grant of alternative

service because Defendants here have no standing to challenge our decision.

Should Mr. Hatfield object, our Federal Rules permit him to protect *his own* rights

by appearing and asserting a lack of personal jurisdiction or insufficient service of

process in his first filing with the Court. FED. R. CIV. P. 12(G)(2). However, absent

binding authority stating otherwise, we find that unconnected co-defendants may not separately raise those arguments *for* Mr. Hatfield. The law on this matter was clear at the time of our initial order, and Defendants have asserted no new evidence to show that they now have standing in this matter. Accordingly, Defendants' Motions for Reconsideration are denied.[2]

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge

---

[2]      On October 24, 2019, Defendant Elliot Greenleaf filed "objections" with the Court, in which they alleged that Plaintiff had improperly served Navada Hatfield and asked us to "reject" Plaintiff's Certificate of Service. On October 30, 2019, Defendant Milton Hershey School and School Trust and Defendant Elliot Greenleaf, P.C. both filed further "objections" to Plaintiff's Affidavit of Compliance with Fla. Stat. §48.161 and again asked us to dismiss Navada Hatfield as a party to this action. (Docs. 211; 212). In the alternative, Defendants asked us to schedule a hearing on this matter. We find the same logic applied above is also relevant to these objections. Defendants lack standing to object to the efficacy of the service of Mr. Hatfield. We therefore decline to consider Defendant's objections.