UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| F. FREDERIC FOUAD, | : | CIVIL NO. 1:19-CV-253 |
| | : | |
| Plaintiff, | : | (Judge Wilson) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MILTON HERSHEY SCHOOL, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This lawsuit represents the latest chapter in what has been longstanding and bitter strife between two antagonists: Frederic Fouad and the Milton Hershey School. As we have noted in the past, it seems that litigation has become the field upon which these protagonists have chosen to engage in:

> a longstanding and intractable conflict between the Milton Hershey School, an advocacy group, Protect Hershey's Children ("PHC"), and PHC's President, an attorney named Ric Fouad. The conflict between Fouad, PHC, and Hershey spans many years and is marked by competing accusations, mutual recriminations, and shared, profound, and unshakeable suspicions. For its part, the Milton Hershey School apparently views PHC and Fouad as unscrupulous provocateurs, who disseminate baseless allegations against the Milton Hershey School and then instigate grieving families to file meritless lawsuits in pursuit of their ideological goals. PHC and Fouad, in turn, identify themselves as public spirited whistle-blowers, who believe that they are the victims of a campaign of harassment, oppression, and unwarranted calumny orchestrated by a multi-billion dollar corporate monolith.

1

Wartluft v. Milton Hershey Sch. & Sch. Tr., No. 1:16-CV-2145, 2018 WL 3995697, at *1 (M.D. Pa. Aug. 21, 2018).

The latest iteration of this internecine legal warfare began in 2018 when Fouad commenced this lawsuit in New York state. Fouad's complaint was removed to federal court in New York and then transferred to this court. The latest manifestation of this dispute is embodied in Fouad's amended complaint, (Doc. 171), a 95-page, 344-paragraph pleading which levels an array of claims against some 17 individual and institutional defendants. Presently, there are three motions to dismiss pending in this case. (Docs. 173, 174, 229). The parties are completing the briefing of these dispositive motions and the resolution of these motions may fundamentally alter and define the scope of this sweeping lawsuit.

The parties are concurrently mired in discovery disputes which have been referred to the undersigned. These discovery disputes reflect the enmity that exists between these parties. Thus, we are presented with competing motions to compel and for sanctions, (Docs. 226 and 241); a hotly contested motion for extension of discovery deadlines, (Doc. 233); a bitter dispute over what typically is a matter of routine, i.e., the number of discovery demands that the parties may propound, (Doc. 251); and the prospect of multiple, additional discovery motions. (Docs. 260-63, 269-70). Simply put, the parties, by their conduct, foreshadow a protracted,

acrimonious course of discovery on claims whose threshold legal merits have yet to be assessed by the district court.

We participated in a telephonic conference with counsel on December 9, 2019. At that conference, and in a post-conference order, we raised a proposal designed to promote rationality over acrimony in discovery management. Specifically, we asked the parties to consider whether their mutually antagonistic discovery should be stayed until after the district court has ruled upon the various motions to dismiss, thus defining for us what claims, if any, have sufficient legal merit to warrant discovery. (Docs. 245-49).

Events which have transpired since this December 9 conference further underscore for us the merit of this idea, which allows the parties to know what the legal terrain of this case may be before they begin laying cudgels upon one another through discovery. For example, we have received correspondence from plaintiff's counsel which seems to protest the discovery motion briefing schedule that we understood him to propose during the December 9 telephone conference. The parties also advance utterly irreconcilable approaches to what should have been a matter agreed upon at the outset of this litigation—the number of discovery demands which each party may propound. Given the apparent inability of the parties to reach an accord on even the most routine of discovery matters, we think it is prudent to await a determination of how many parties remain in this lawsuit through rulings upon the

various pending motions to dismiss before we are required to decide how many discovery demands each of these parties may propound. Accordingly, for the reasons set forth below we will STAY further discovery pending resolution of the motions to dismiss filed in this case.

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United

> States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' " Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973)) (citation omitted).

This discretion is guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205

F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery until after these claimed legal defenses are addressed by the court.

> In such instances, it is clearly established that:
>
> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

In this case, we note that all parties have agreed that some stay of discovery is appropriate pending the resolution of the outstanding dispositive motions, although Fouad advocates for a partial, asymmetrical; stay, which would foreclose defense discovery but allow him to pursue termination sanctions discovery. (Docs. 256, 264, 266, 268). We will decline Fouad's invitation to create an uneven playing field by permitting his discovery while staying defense discovery. Instead, we will stay all discovery until after the threshold questions concerning the arguable legal

merits of Fouad's complaint are resolved. Therefore, guided by these legal tenets, we conclude that further discovery should be briefly stayed at this time until after the court resolves the pending motions to dismiss. We reach this conclusion in accordance with settled case law, finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

An appropriate order follows:

### **Order**

Accordingly, for the foregoing reasons, further discovery is STAYED pending the resolution of any dispositive motions. IT IS FURTHER ORDERED that, if necessary, the parties will meet, confer, and submit a joint proposed revised case management plan, discovery motion briefing schedule, and discovery schedule within 21 days after the resolution of any dispositive motion.

So ordered this 20th day of December 2019.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge