# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| F. FREDERIC FOUAD, | : | CIVIL NO. 1:19-CV-253 |
| | : | |
| Plaintiff, | : | (Judge Wilson) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MILTON HERSHEY SCHOOL, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This lawsuit represents the latest chapter in what has been longstanding and bitter strife between two antagonists: Frederic Fouad and the Milton Hershey School. As we have noted in the past, it seems that litigation has become the field upon which these protagonists have chosen to engage in:

> a longstanding and intractable conflict between the Milton Hershey School, an advocacy group, Protect Hershey's Children ("PHC"), and PHC's President, an attorney named Ric Fouad. The conflict between Fouad, PHC, and Hershey spans many years and is marked by competing accusations, mutual recriminations, and shared, profound, and unshakeable suspicions. For its part, the Milton Hershey School apparently views PHC and Fouad as unscrupulous provocateurs, who disseminate baseless allegations against the Milton Hershey School and then instigate grieving families to file meritless lawsuits in pursuit of their ideological goals. PHC and Fouad, in turn, identify themselves as public spirited whistle-blowers, who believe that they are the victims of a campaign of harassment, oppression, and unwarranted calumny orchestrated by a multi-billion dollar corporate monolith.

Wartluft v. Milton Hershey Sch. & Sch. Tr., No. 1:16-CV-2145, 2018 WL 3995697, at *1 (M.D. Pa. Aug. 21, 2018).

The latest iteration of this internecine legal warfare began in 2018 when Fouad commenced this lawsuit in New York state. Fouad's complaint was removed to federal court in New York and then transferred to this court. The latest manifestation of this dispute is embodied in Fouad's amended complaint, (Doc. 171), a 95-page, 344-paragraph pleading which levels an array of claims against some 17 individual and institutional defendants. Presently, there are three motions to dismiss pending in this case. (Docs. 173, 174, 229). The parties completed the briefing of these dispositive motions, but Fouad had filed a motion to submit a supplemental brief, (Doc. 292) which is opposed by the defendants. Fouad's proposed supplemental brief advances a novel and paradoxical proposition. In essence, Fouad argues that the tone and tenor of the defendants' opposition to his amended complaint proves the veracity of his claims. Because no reasonable person could read the defendants' filings, which vehemently dispute Fouad's claims, as somehow secretly proving those claims, this motion will be DENIED, but all parties will, once again, be admonished to refrain from substituting overheated rhetoric for rational discourse.

Local Rule 7.7 provides that no further briefs, beyond a movant's reply brief, may be filed without leave of court. Decisions regarding whether to permit further briefing beyond that prescribed by the rules, rest in the sound discretion of the court.

2

In the exercise of that discretion, the court may deny a request to file a supplemental brief when "the proffered materials . . . add little" to an already exhaustive record. See United States v. LTV Steel Co., Inc., 116 F. Supp. 2d 624, 627 (W.D. Pa. Sept. 29, 2000) (denying motion for leave to file a supplemental brief because the proposed submission "add[ed] little to the already exhaustive presentation and discussion of issues contained in [the movant's] current submissions"); see also Patrick B. ex rel. Keshia B. v. Paradise Protectory & Agric. Sch., Inc., 858 F. Supp. 2d 427, 429 n. 3 (M.D. Pa. Nov. 10, 2011) (declining to grant leave to file supplemental brief that would "have no bearing on the court's determination" of motion to dismiss).

In this case, beyond highlighting how acrimonious this litigation has become, a fact that is already apparent to the court, Foaud's proposed brief adds little to our understanding of the legal issues set forth in these motions. Moreover, Fouad's paradoxical premise that the defendants' motions to dismiss somehow prove the merits of his claims, does not assist us in addressing the legal issues that divide these parties since a dispassionate reading of these defense filings indicate that the defendants strenuously oppose Fouad's claims. Thus, Fouad's insistence that this strenuous opposition somehow constitutes surreptitious confirmation of his allegations comes perilously close to possessing "one of the other benchmarks of something that it more imagined than real. It cites evidence that contradicts his

3

conspiracy theory as confirming proof of that thesis." Lease v. Fishel, 712 F. Supp. 2d 359, 377 (M.D. Pa. 2010), aff'd, No. 1:07-CV-0003, 2010 WL 4318833 (M.D. Pa. Oct. 22, 2010).

Finally, there is one other peril to granting Fouad the leave he seeks. If we permitted a supplemental brief, we would also be obliged to allow the defendants the opportunity to file surrebuttals in support of their motions. Given the past history of these parties, we fear that any further defense filings could inspire rejoinders by Fouad and form a potentially endless loop of litigation, a process that would cast more heat and smoke than light on the issues before us. Yet, while we conclude that we do not require further briefing on these motions, we admonish all parties to refrain from substituting angry rhetoric for reasoned analysis in their filings.

An appropriate order follows:

## **Order**

Accordingly, for the foregoing reasons, IT IS ORDERED that Foaud's motion for leave to file a supplemental brief (Doc. 292), is DENIED.

So ordered this 19th day of February 2020.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
