# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| F. FREDERIC FOUAD, | : | Civil No. 1:19-CV-253 |
| | : | |
| Plaintiff | : | (Judge Wilson) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| THE MILTON HERSHEY SCHOOL AND TRUST, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction and Background

As we consider the recusal motion filed in this case by Frederic Fouad, it is fitting that we reflect upon, and remind counsel of, certain basic truths in life and in litigation.

First, it is emphatically the duty of a judge to make judgments in litigation. For litigants who are motivated by great passion, these judicial judgments can often be disappointing and distressing. As a judge, one always regrets the obvious emotional distress for some parties which flows from judicial decision-making, but it is our duty to follow the law and do what is right, as we are given the ability to discern that which is right. We can follow no other course.

1

Recognizing this truth, litigants should therefore resist the temptation to conflate judicial decision-making with judicial bias. Falling prey to such temptations does no credit to our profession or to the cause that the court and counsel all espouse—the prompt, fair, and just adjudication of disputes. Moreover, just as it is essential that judges avoid any extra-judicial biases, so too must litigants refrain from allowing their personal animus to blind them and cause them to view the actions of the court through some distorted prism. This caution is particularly appropriate in a case such as this lawsuit, where, as we have observed, sometimes mutual enmity has overwhelmed reason, leading seemingly rational actors to perhaps irrational extremes.

Finally, when presented with a motion to recuse, we must always confront one other immutable truth: "[A] judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.' " Conklin v. Warrington Township, 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007).

The plaintiff has now filed a motion to disqualify the undersigned (Doc. 328) which has been fully briefed and is ripe for disposition. There is a certain stridency to this motion which is both regrettable and particularly puzzling in light of our last exchange with plaintiff's counsel, a March 6, 2020 telephonic conference in which we set an expedited schedule for the resolution of an issue of concern to Fouad, the litigation of a termination sanctions motion filed by the plaintiff. At that time, in

stark contrast to the characterization of our conduct set forth in his recusal papers, Fouad's counsel described the decisions we made to advance his sanctions motion as "fair" and "a great idea." (March 6, 2020 Conference Tr. at 15 and 23). The fact that Fouad has chosen to commend us when we act in a manner which advances his perceived interests, but condemn the court as biased when we make decisions with which he disagrees, is both curious and revealing.

However, stripped of any rhetorical stridency, the motion is at odds with the well-established legal standards that govern recusal practice. Furthermore, the factual grounds advanced in support of this recusal motion in our view plainly do not support the extraordinary relief sought here, disqualification of the court. The motion is also untimely since it is brought months after the referral of this case to the court, yet is based in large measure upon the longstanding and well-known fact that the undersigned has served as a judicial officer in two prior proceedings which are alluded to in Fouad's complaint, Dobson, 1:16-CV-1958 and Wartluft, 1:16-CV-2145. Our involvement in this other litigation was known by all parties for many months, but it is evident from the record that this well-known fact was only deemed grounds for recusal after we had issued decisions which were displeasing to Fouad. Finally, we are constrained to observe that Fouad's pleadings make it entirely clear that this recusal motion is motivated by an impermissible legal consideration—Fouad's subjective and speculative concerns regarding our potential future rulings.

Indeed, Fouad has acknowledged as much, stating in correspondence to the court that this recusal motion was driven in part by his speculative fear that the court will be "adjudicating the many anticipated related discovery disputes" in the future. (Doc. 331).

Fouad's fears miss the larger and more transcendent point. We approach this litigation with a simple singular goal. Since November of last year, we have assiduously worked with counsel to clarify, identify, narrow, and focus the issues in this litigation. We have also convened a number of conferences with counsel in an effort to address various concerns voiced by counsel. Throughout our involvement with this case, we have endeavored to be unstinting in providing time, energy, and assistance to all parties in this lawsuit in order to help them achieve a "just, speedy, and inexpensive determination of [this] action and proceeding." Fed. R. Civ. P. 1. These efforts culminated in our report and recommendation to the district court addressing a number of dispositive motions in this case which we filed on February 19, 2020.

At no point prior to this filing had plaintiff's counsel suggested in any way that our recusal was necessary. After completing this report and recommendation, however, which recommended dismissal of a number of the plaintiff's claims, plaintiff counsel's views on our suitability to adjudicate this matter apparently suddenly and dramatically changed as of February 26, 2020. At this time, the

plaintiff suddenly determined that we should be disqualified from this case. Fouad's peremptory decision to seek our recusal was largely based upon the performance of our judicial duties in this case and the prior, related Dobson and Wartluft lawsuits, with Fouad asserting that the performance of our judicial responsibilities somehow evidenced an extrajudicial bias on our part. What followed was a motion filed by the plaintiff, captioned as a motion to disqualify the undersigned. (Doc. 328).

Mindful that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require[,]' " Conklin v. Warrington Township, 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007), for the reasons set forth below we find that the grounds for recusal posited by Fouad's counsel are untimely, procedurally flawed, and legally insufficient. Therefore, the request for recusal must be denied.

**II.    Discussion**

    **A.    Recusal Motion–Standard of Review**

The legal standards which govern such recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party . . . .
>
> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require . . . 'bias and prejudice' . . . to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995).

Id., at 462-63.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. Specifically, we note that:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding,

6

or of such an intensity as to make a fair trial impossible. <u>Blanche Rd. Corp. v. Bensalem Twp.</u>, 57 F.3d 253 (3d Cir. 1995), <u>cert. denied</u>, 516 U.S. 915, 116 S. Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

<u>Liteky</u>, 510 U.S. at 555, 114 S. Ct. 1147 (emphasis in original).

<u>Id.</u>, at 463.

There is a closely-related corollary to his principle. Just as recusal is not warranted based upon our past, or anticipated rulings, it is equally clear that, "[a] judge is not disqualified from presiding over a matter because he has presided over some other case involving the same party." <u>Thompson v. Eva's Vill. & Sheltering Program</u>, 2005 U.S. Dist. LEXIS 23341, *11 (D.N.J. 2005).

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool designed to avoid the result which the law dictates in a case, or attempt to unilaterally choose a new judge. Thus, in every instance:

7

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir. 2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir. 2000); Curley v. St. John's University, 7 F. Supp. 2d 359, 362 (S.D.N.Y. 1998).

Id., at 463.

In order to ensure that recusal requests do not become expedient devices used by counsel to attempt to avoid outcomes mandated by law, a recusal motion also must be timely. See 28 U.S.C. § 144. On this score,

> "It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326, 333 (2nd Cir. 1987). The Third Circuit has described this requirement as one of "reasonable diligence." See Furst, 886 F.2d at 581 n. 30.

Cooney v. Booth, 262 F. Supp. 2d 494, 503-04 (E.D. Pa. 2003), aff'd, 108 F. App'x 739 (3d. Cir. 2004).

Furthermore, it is clear that a party's disparagement of the court cannot create recusal grounds since:

> There is a "well established judicial rejection of a rule that would permit a litigant or attorney to disqualify a judge by criticizing him." United States v. Evans, 262 F. Supp. 2d 1292, 1296 (D. Utah 2003) (quoting United States v. Helmsley, 760 F. Supp. 338, 342-43 (S.D.N.Y. 1991)). In other words, a litigant cannot unilaterally create the grounds for

8

> recusal. See In re Mann, 229 F.3d 657, 658-59 (7th Cir. 2000) (filing of judicial misconduct charge in reaction to court's decision insufficient ground for disqualification). As [one court] has observed: "A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, *ex propio vigore*, create a cloud on her impartiality." In re United States, 158 F.3d at 35.

Conklin, 476 F. Supp. 2d at 464.

In addition, there are also procedural standards which a party moving for recusal must meet. These standards are prescribed by 28 U.S.C. § 144, which as a procedural matter "mandates recusal '[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.' " Conklin, 476 F. Supp. 2d at 463 n. 10. Thus, a proper, and timely filed, affidavit is a legal prerequisite to a recusal motion. This serves as a necessary step to impress upon all parties the gravity of the proceedings. When such an affidavit is timely filed:

> it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity; (2) would convince a reasonable person that a bias exists; and, (3) evince bias that is personal, as opposed to judicial in nature. United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973)."

Conklin, 476 F. Supp. 2d at 463 n. 10. This is a burden which cannot be met through vague and conclusory accusations, or subjective assertions. Id. (citing Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations)); Cooney v. Booth, 262 F. Supp. 2d 494, 502 (E.D. Pa. 2003) (holding that opinions and conclusions based upon conjecture and speculation are legally insufficient to warrant recusal).

Judged against these legal standards, we must decline counsel's request that we recuse ourselves from this case for the following reasons.

First, we note that it is apparent from the face of the motion that this request is untimely. Given Fouad's background with both the Dobson and Wartluft matters, it can hardly be said that he was unaware of our involvement in these two cases prior to filing his own lawsuit against the Milton Hershey defendants. Indeed, our involvement in these matters spans several years, during which time we were actively and openly involved in the effort to advance the litigation. In fact, some of our rulings in these prior cases form the basis for Fouad's present motion to compel, and Fouad references some of these decisions in his complaint in the present case. Thus, it is clear that all parties were well aware of the undersigned's involvement in these other two matters well before the filing of this present lawsuit. Despite possessing this knowledge at the time this case was referred to us, Fouad apparently

elected to idly wait, only choosing to raise this issue in March of 2020 after the court had devoted extensive time, effort, and attention to this case, and had submitted a report and recommendation to promptly resolve important issues for the parties, albeit in a fashion which was not totally pleasing to Fouad.

The proper measure of timeliness for a recusal motion is well-settled. As a matter of fundamental fairness the issue of disqualification must be raised "at the earliest possible moment" after the party has conducted a reasonably diligent inquiry. Cooney, 262 F. Supp. 2d at 503-04, aff'd, 108 F. App'x 739 (citing Apple, 829 F.2d at 333 and Furst, 886 F.2d at 581 n. 30). For these parties, given their prior knowledge of our open involvement in these prior matters which form the basis of the present disqualification motion, we find that the earliest possible moment to raise this issue is when we were assigned to the present case. Fouad did not raise any concerns at that time. Instead, he chose to wait months before seeking disqualification of the court, and did so only after he voiced displeasure with our substantive rulings and recommendations. Since the request is completely untimely, it must be rejected. Cooney, 262 F. Supp. 2d at 503-04, aff'd, 108 Fed. App'x 739.

The timing of this motion, which comes months after we were first assigned to this case, but only days after we issued a report and recommendation which evidently displeased Fouad, is troubling in yet another respect. The timing of these events suggests that this judicial action—an impermissible consideration—may

have inspired to motion to recuse. Conklin v. Warrington Township, 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007). In fact, Fouad had expressly framed his recusal demands around his dissatisfaction with both our past rulings and our future role in resolving legal issues and "adjudicating the many anticipated related discovery disputes." (Doc. 331). Therefore, we are compelled to deny this motion to the extent that the motion may be viewed as part of an effort to avoid and delay the resolution of this case through the belated assertion of collateral concerns.[1]

Second, the motion contains "no timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party", as required by 28 U.S.C. § 144. This procedural shortcoming also undermines this tardy motion and compels its denial.

Third, it is clear that there must be some source of extrajudicial bias in order to justify granting a request for recusal. See United States v. Liteky, 973 F.2d 910, 910 (11th Cir. 1992) ("[M]atters arising out of the course of judicial proceedings are not a proper basis for recusal."). Despite this clear directive, Fouad's motion and

---

[1] In this regard, we note that Fouad's motion to recuse explicitly seeks to delay merits consideration of his claims since that motion seeks not only our recusal, but invites us to vacate and set aside our prior decisions, including presumably even those decisions Fouad appealed to the district court which were affirmed by the district court. Thus, Fouad himself makes it clear that he seeks our removal from the case, as part of an effort to undo prior rulings that now constitute the law of the case, a course of action which would lead to months of additional delay in the litigation of the case.

accompanying briefs largely focus upon judicial acts, our rulings in this case and our prior judicial involvement with the Dobson and Wartluft litigation, as proof of some bias or "pre-judgment" of the merits of the present case. In adopting this course, and seeking to assert an extrajudicial bias on our part based upon our judicial acts Fouad ignores a settled legal tenet; namely, "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)).

Notably, Fouad has failed to allege any identifiable extrajudicial source of bias on our part, as he is required to do. Nor can he. The simple truth is that the undersigned has no personal connection to the parties or the matters at hand in this litigation, and has no personal interest in any outcome that may result from this lawsuit beyond our interest in seeing that justice is done.

Fourth, beyond the fact that Fouad's motion improperly seeks to imply an extrajudicial bias based upon the judicial act of filing a report and recommendation in this case, the motion also mischaracterizes that report and recommendation in several material ways. Thus, Fouad tries to cast the court as a biased observer in this case, suggesting that this report and recommendation rests on a distorted view of matters outside of the court record. For example, Fouad alleges that we improperly

described his role in the <u>Wartluft</u> case without any basis in fact. This is simply incorrect. As the defendants have aptly noted, our description of Fouad's involvement in this other litigation came from Fouad's own characterization in his amended complaint of the role which he played in cases like <u>Wartluft</u>. We cannot be faulted for accepting the veracity of Fouad's allegations that he played a role in facilitating lawsuits against the Milton Hershey School in our report and recommendation and our acceptance of the veracity of Fouad's own statements surely does not constitute evidence of some furtive bias against the plaintiff.

Likewise, Fouad takes umbrage at our recognition of undisputed matters of record in the <u>Wartluft</u> litigation, citing this commonplace legal practice as evidence of some prejudice which compels recusal. On this score, Fouad's argument fundamentally misunderstands the role of the court and the proper scope of a recusal motion. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Knoll v. City of Allentown</u>, 707 F.3d 406, 411 (3d Cir. 2013) (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). Thus, we are entitled, and in fact are duty bound, to reach judicial judgments in the cases brought before us, and those judicial decisions simply do not constitute grounds for recusal.

Finally, in addition to the other shortcomings in this motion, we note that scattered throughout Fouad's motion to recuse is a profound sense of disappointment regarding the court's past rulings on various matters coupled with an entirely speculative concern about what we may do in the future "adjudicating the many anticipated related discovery disputes." (Doc. 331). While we appreciate that the role of the judge, and the task of deciding, entails the risk of disappointment for some litigants, that disappointment with past or anticipated legal rulings simply does not translate into grounds for recusal. Quite the contrary, as the court of appeals has repeatedly observed, "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)). Likewise, "[a] judge is not disqualified from presiding over a matter because he has presided over some other case involving the same party." Thompson v. Eva's Vill. & Sheltering Program, 2005 U.S. Dist. LEXIS 23341, *11 (D.N.J. 2005).

Accordingly, we conclude our legal analysis of this recusal motion as we began by reminding Fouad that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.' " Conklin, 476 F. Supp. 2d at 463. Guided by this basic truth, Fouad's recusal motion must be denied.

An appropriate order follows.

### III. Order

For the foregoing reasons, the plaintiff's motion to disqualify the undersigned (Doc. 328), which seeks our recusal is DENIED.

So ordered this 26th day of March, 2020.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge