**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **F. FREDERIC FOUAD,** | : | **Civil No. 1:19-CV-253** |
| | : | |
| **Plaintiff,** | : | **(Judge Wilson)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **THE MILTON HERSHEY SCHOOL AND TRUST, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

The background to this order is as follows:

On December 3, 2019, the plaintiff filed a motion for sanctions, suppression, and related relief which asked this court for expedited discovery "that includes: (a) the initial interception [of] the Colistra Memo; (b) the chain of custody of the Misappropriated 1999 Faxed Document; (c) the notice of the confidentiality and potentially applicable evidentiary privileges; and (d) the decisions to disregard the duty to return the document and instead undertake expansive misuse of it." (Doc. 241, at 4-5). Accordingly, in this motion, the plaintiff requested "expedited targeted discovery to develop the record related to the interception, chain of custody, and use of this misappropriated document." (Id., at 11). Indeed, "expedited discovery"

served as a constant, recurring theme underlying this motion and request for sanctions.

Since this motion was filed, we have been working toward helping the plaintiff accomplish this goal. For the past several months, this has been our singular focus—assisting these parties to reach the merits of these serious accusations brought forth by the plaintiff in a "just, speedy, and inexpensive" fashion in accordance with Rule 1 of the Federal Rules of Civil Procedure. In undertaking this effort, we fulfilled the plaintiff's request for expedited discovery on his motion by setting an ambitious schedule for discovery on the specific issues surrounding this motion. This original scope of discovery inspired by Fouad's motion sparked numerous disputes. To resolve these some 15 discovery dispute motions in accordance with Rule 1 of the Federal Rules of Civil Procedure, we conducted oral argument to give all parties an opportunity to be heard before promptly issuing our memorandum opinion addressing these issues. (Doc. 432). During this oral argument Fouad agreed that we possessed broad discretion in prescribing the scope and sequence of discovery.

We then exercised the discretion which Fouad acknowledged we possessed. To limit further disputes moving forward, focus the parties, and reach the merits of the issues at the heart of the plaintiff's motion for sanctions as quickly as possible, as requested by the plaintiff, our memorandum opinion further narrowed the scope

of discovery for these parties by bifurcating their course and taking up the two preliminary issues first so as to streamline these issues and minimize costs. These issues which are now the subject of focused discovery by the parties related to two threshold matters which were fundamental to Fouad's motion for termination sanctions; namely, whether the Colistra memo was obtained in an illicit fashion and whether it was the subject of any legitimate claim of privilege which has not been waived. We also set discovery deadlines for the parties on these issues, in order to achieve Fouad's oft-stated goal of expediting the discovery process.

Having seemingly achieved this goal of obtaining expedited discovery in aid of consideration of his motion for sanctions, Fouad has now objected to the course of action he long sought. In response to our memorandum opinion, the plaintiff has requested a stay of discovery and consideration of his sanctions motion pending an appeal to the district court, thus delaying the otherwise expeditious discovery that he demanded. There is a paradoxical quality to this stay request, which now seeks to delay that which Fouad has frequently claimed had been unreasonably delayed—discovery and consideration of this sanctions motion. After review, we will deny this request for a stay in order to effectuate the dictates of Rule 1 of the Federal Rules of Civil Procedure, "the just, speedy, and inexpensive determination of every action and proceeding[,]" Fed. R. Civ. P. 1, and to ensure that we are able to resolve the

plaintiff's motion for sanctions on an expedited basis in accordance with the plaintiff's wishes in his motion.

The legal standards which govern stay requests are familiar ones and emphasize the court's broad discretion. Nonetheless that discretion is guided by certain basic principles. As part of the district court's power to control the disposition of civil matters that come before it, the court has the power to stay proceedings when judicial economy or other interests may require. Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 136 (3d Cir. 2004); Barker v. Kane, 149 F. Supp. 3d 521, 525 and n.42 (M.D. Pa. 2016). "A stay is an extraordinary measure, and the decision to impose a stay rests within the sound discretion of the district court." Barker v. Kane, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) (citing In re Adelphia Commcn's Secs. Litig., No. 02-1781, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003); see also Landis, 299 U.S. at 254-56. Thus, under this abuse of discretion standard, a trial court's control of its docket will not be disturbed " 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.' " Miller v. Ashcroft, 76 F. App'x 457, 461 (3d Cir. 2003) (citations omitted). Moreover, any party challenging a ruling denying a continuance or stay request, "ha[s] a heavy burden to bear, . . ., as matters of docket control and conduct of [litigation] are committed to the sound discretion of the

district court." In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982) (citations omitted). Furthermore, when exercising this discretion, we acknowledge a basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice." See Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d. Cir 1998) (affirming denial of request for extension of time). Therefore, where delays by one party unfairly prejudice the rights and interests of the opposing party, the proper exercise of discretion calls for the denial of any motion for a stay of proceedings.

The following four benchmarks guide us in exercising our broad discretion and determining whether to stay a discovery order pending an appeal of that order:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).

In this case, we find that the proper exercise of discretion calls for the denial of this motion to stay. The incident that lies at the heart of this litigation occurred

over 20 years ago. This litigation has been pending against the defendants for the past two years, and grave charges have been leveled against them in recent months in the form of a motion for sanctions. Fouad has brought this action and filed this motion for sanctions. It is essential as a matter of fairness to all parties that this matter be promptly and fairly resolved. To do this, Fouad must proceed forward with discovery and the litigation of the merits of his claims. Fouad's motion to stay would frustrate the goal of securing a prompt, orderly, and fair resolution of this case. Moreover, Fouad will face little prejudice from pursuing discovery on these claims. Indeed, it was Fouad himself that requested expedited discovery regarding, *inter alia*, "(a) the initial interception [of] the Colistra Memo; [and] (b) the chain of custody of the Misappropriated 1999 Faxed Document[.]" (Doc. 241, at 4-5). It can hardly be said that Fouad will now face prejudice from endeavoring to complete the first portion of the discovery that he sought when he filed this motion.

More fundamentally, Fouad has not met any of the four criteria for issuing a stay. First, we find that Fouad, as the stay applicant, has not made a strong showing that he is likely to succeed on the merits. At bottom, our order simply prescribed a fair and expeditious process for discovery and litigation of Fouad's termination sanction motion. In the course of litigating this matter Fouad has acknowledged that these issues relating to the timing and sequencing of discovery rest in the sound discretion of the court. We have exercised that discretion in a fashion which gives

Fouad what he has long sought, an opportunity to prove the litigation misconduct which he has alleged. In order to prevail on his appeal Fouad must now show that our decision "is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). Given the broad discretion which Fouad concedes we enjoy in this arena, we do not believe that our prior order—which facilitates the resolution of his sanctions motion—can be seen as either clearly erroneous or contrary to law. Therefore, this appeal likely fails on its merits.

Nor can Fouad show that he will be irreparably injured absent a stay. On this score, Fouad's litigation posture is somewhat paradoxical. He has long decried what he perceived to be delay in allowing him the opportunity to prove what he has alleged, but now given that opportunity he urges us to foster further delay through this stay of proceedings. Thus, Fouad invites precisely the sort of prejudicial delay which he has previously condemned. We believe that granting a stay and ordering further delay actually harms Fouad, who has made grave allegations and is entitled to a prompt resolution of those claims. Further, a stay only delays what will inevitably be necessary, discovery to determine the factual merit of Foaud's extremely serious allegations. Therefore, this factor also weighs against granting a stay.

Likewise, consideration of the potential harm suffered by the defendants also calls for no further delay in litigating this sanctions motion. Fouad has leveled

exceedingly grave allegations against the defendants, at times accusing them of unethical behavior which is tantamount to criminal conduct. Like Fouad, the defendants are entitled to a prompt and fair resolution of these serious allegations. Our scheduling order provides them with this opportunity, and we should not further delay or deny all parties the opportunity to address and resolve these accusations of misconduct.

Finally, it is manifestly in the public's interest to have Fouad's assertions of litigation misconduct fully and promptly aired and addressed. A stay of proceedings, with its accompanying delay, is antithetical to this goal and frustrates the public's interest in having these serious allegations resolved. Thus, all of these factors governing stay practice weigh against Foaud's position.

Since "justice . . . requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ," McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998), the proper exercise of our discretion in this case would be to deny Fouad's motion to stay and allow all parties to promptly address the merits of this motion for sanctions in accordance with the discovery schedules set by our recent memorandum and order. (Doc. 432).

Accordingly, upon consideration of this motion to stay pending appeal, (Doc. 446), for the reasons set forth above, **IT IS HEREBY ORDERED THAT** the plaintiff's motion is **DENIED**.

So ordered this 22d day of July, 2020.

*/s/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge