**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **F. FREDERIC FOUAD,** | : | **Civil No. 1:19-CV-253** |
| | : | |
| **Plaintiff,** | : | **(Judge Wilson)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **THE MILTON HERSHEY SCHOOL** | : | |
| **AND TRUST, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

We have received the parties' July 22, 2020 discovery status report and addenda relating to the timing and manner of the deposition of Mr. Fouad. (Doc. 472). This report raises three issues which, in our view, merit timely direction from the court. Initially, the status report and addenda suggest that the parties have agreed to conduct the deposition of Mr. Fouad in the first week of September.[1] However, the parties maintain their prior disagreement regarding the means of conducting this deposition, specifically whether it should be conducted in-person or remotely. The

---

[1] We note some ambiguity in this aspect of the report, since the Defendants' addendum to the report states that they "continue to seek [Fouad's] in-person deposition within the Middle District of Pennsylvania as soon as possible," (Doc. 472-3 at 2), an averment which is not entirely consistent with the notion of deferring this deposition to September, the close of the discovery period. We address this ambiguity and our concerns regarding deposition timing in light of the September 10 discovery deadline below.

defendants express a preference for an in-person deposition, noting that they expect the testimony and rhetoric at this deposition to be controversial which they argue would be better conducted face-to-face. In contrast, the plaintiff requests a remote deposition due to the current risks associated with extended interstate travel for the plaintiff, the fact that plaintiff's lead counsel has several household members who fall into high-risk categories, and the risks associated with gathering face-to-face.

In light of the COVID-19 pandemic, courts and attorneys across the country have had to face the new reality of our world which involves social distancing, wearing face coverings, taking remote depositions, and conducting remote court proceedings. In addition, courts across the country have refused to allow their dockets to sit fallow until this pandemic resolves and we return to our pre-coronavirus world in which in-person depositions and proceedings were feasible. Thus, upon motion, and in consideration of this altered world in which we live, courts across the country have ordered that video depositions be conducted in lieu of in-person discovery proceedings, finding that the risks presented by COVID-19 convey good cause to conduct remote depositions. See, e.g., Sonrai Sys., LLC v. Romano, 2020 U.S. Dist. LEXIS 122339 (N.D. Ill. Jul. 13, 2020) ("the Court finds that the health concerns created by the COVID-19 pandemic create 'good cause" for the entry of an order requiring that . . . experts' depositions take place by remote videoconference"); Rouviere v. Depuy Orthopaedics, Inc., 2020 U.S. Dist. LEXIS

122184 (S.D.N.Y. Jul. 11, 2020) (noting that "conducting depositions remotely is becoming the 'new normal' "); <u>Dwyer v. Unum Life Ins. Co. of Am.</u>, 2020 U.S. Dist. LEXIS 116474 (E.D. Pa. Jul. 2, 2020) (noting that all depositions "would be conducted via video to ensure that witnesses are not subjected to increased risk of coronavirus"); <u>Learning Res., Inc. v. Playgo Toys Enters.</u>, 2020 U.S. Dist. LEXIS 104790 (N.D. Ill. Jun. 16, 2020); <u>Brooks v. HSHS Med. Grp., Inc.</u>, 2020 U.S. Dist. LEXIS 83239 (N.D. Ill. May 12, 2020); <u>Compere v. Miami</u>, 2020 U.S. Dist. LEXIS 97727 (S.D. Fla. May 7, 2020) ("[T]he Court will not allow the docket to continue indefinitely until life gets back to the old normal."); <u>ResCap Liquidating Trust v. Primary Residential Mortg., Inc. (In re RFC & ResCap Liquidating Trust Action)</u>, 2020 U.S. Dist. LEXIS 44607 (D. Minn. Mar. 10, 2020) (ordering videoconference testimony during trial).

In the unusual circumstances confronting us we likewise find good cause to conduct Mr. Fouad's deposition remotely in this case. Were this deposition to be conducted in-person, Mr. Fouad would be travelling from New York, the so-called "ground zero" of the coronavirus pandemic in the United States.[2] He reports that he would need to travel via public transportation from New York to Harrisburg, the location proposed for his deposition, since he does not own a car and is not a licensed

---

[2] <u>See</u> https://www.independent.co.uk/news/world/americas/coronavirus-new-york-andrew-cuomo-ground-zero-donald-trump-a9431151.html.

driver. Mr. Fouad's counsel lives with numerous individuals in the high-risk category for COVID-19, including those with asthma and reduced lung capacity. The defendants' counsel practice out of the greater-Philadelphia area, the portion of Pennsylvania with the highest number of COVID-19 infections in the state. Based on these facts, and given the rising tide of courts across the country that have ordered remote depositions in light of the coronavirus pandemic, we find that the plaintiff's concern that conducting this deposition in-person would create undue risk for all parties involved is not outweighed by the defendants' concerns that this deposition promises to be a controversial one. While we recognize, as many courts have, that remote depositions are perhaps not ideal and may require more patience and time from those involved, they are an appropriate by-product of this new reality in which we find ourselves. Therefore, IT IS ORDERED THAT Mr. Fouad's deposition shall be conducted remotely in light of the coronavirus pandemic which remains a pressing concern throughout the country. Of course, should the defendants show that the use of video technology has in some way materially impaired their ability to conduct a full deposition, we reserve the right to order an in-person deposition. In short, the plaintiff's ability to conduct this deposition in the format of his choosing

is entirely dependent upon his full and untrammeled cooperation in the course of the deposition itself.[3]

In light of this ruling that Mr. Fouad's deposition shall be conducted remotely, provided that it is conducted in a cooperative fashion, and given the defendants' assertion that they would prefer to conduct this deposition "as soon as possible," (Doc. 472-3 at 2), IT IS FURTHER ORDERED that the parties should meet and confer and indicate why a deposition in August of this year is not feasible. This should be included in the parties' upcoming joint status report due on July 29, 2020. In this regard, while we wish to leave the timing of discovery to the discretion of counsel to the greatest degree possible, the history of this litigation suggests that controversies may arise during the deposition of Mr. Fouad which will require the court's attention and intervention. Discovery is set to close in this matter on September 10, 2020. If the deposition of Mr. Fouad takes place just days prior to the close of discovery, little time will be left to resolve any disputes. Therefore, in light of our ruling which conditionally eliminates the need for travel for this deposition, it seems that an earlier deposition date would be prudent.[4]

---

[3] We hasten to note for all parties that we anticipate that the same basic ground rules will apply to all depositions in this case which are taken during the course of this pandemic.

[4] In urging the parties to agree upon earlier scheduling of this deposition we have also taken into account Mr. Fouad's need to prepare for a deposition. We note, however, that the issues presented in this motion for termination sanctions have been pending for the past nine months. We also observe that Mr. Fouad, an attorney,

Second, the defendants indicate that the plaintiff has been filing these joint status reports without their final approval. Specifically, the defendants claim that the version of the report that they approve is different than the version filed with the court. In other words, the defendants allege that the plaintiff has been making changes to the report after the "final" version has been approved by the defendants.[5] To resolve this issue, IT IS ORDERED THAT the parties shall include a certification from all counsel that the joint status report submitted to the court has been reviewed and approved by all counsel without alteration. This shall be the practice for all future joint status reports.

Finally, it appears that the parties' report foreshadowed future disputes regarding the plaintiff's privilege logs. To the extent that these disputes arise, IT IS ORDERED THAT the parties should be prepared to present this issue to us in their August 5, 2020 joint status report.

So ordered this 23d day of July, 2020.

/s/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

---

certainly would not have leveled these grave allegations without having fulfilled his ethical duty to conduct a thorough inquiry into the factual basis for his claims. Therefore, Mr. Fouad would certainly have been aware of the evidence which supported his claims for the past nine months, and should require only minimal time to prepare to provide that information under oath in a deposition.

[5] The defendants have not provided the court with the different versions of these reports or the alleged changes that the plaintiff has made.